# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 13-60266
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2014

Lyle W. Cayce
Clerk

AMARE ENYEW-KASSA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 479 023

_____

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Amare Enyew-Kassa, a citizen of Ethiopia, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He has abandoned any challenge to the denial of withholding of removal or relief under the CAT by failing to brief those issues adequately. *See Soadjede v. Ashcroft*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  We review the determination of an alien's eligibility for asylum for substantial evidence.  *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).

In his written declaration, Enyew-Kassa asserted that he feared persecution upon return to Ethiopia, explaining that (1) he joined CUD, a political party opposed to the government, in November 2004; (2) he was arrested and tortured in March, May, and June of 2005, with the longest detention being three weeks; and (3) his father was shot and killed in November 2005.  During his hearing, Enyew-Kassa declared that he last left Ethiopia on July 23, 2005.  He initially testified that his father was killed in November 2005.  Later, however, Enyew-Kassa stated that his father was killed in December 2005, and when asked again to provide the correct date of his father's death, he stated that his father was killed in November 2004, but immediately corrected the date to November 2005.  Additionally, he asserted that he was in prison when he learned of his father's death and that upon his release, he searched his mother's house for proof that his father's death was politically motivated.  Enyew-Kassa further declared that he joined CUD in December 2004, motivated, in part, by his father's death.  He then testified that he officially joined CUD in 2005 during election time, but then stated that he did not officially join CUD and was involved only in supporting activities.

In light of the inconsistent and often vague testimony, the IJ did not err by concluding that Enyew-Kassa was not a credible witness.  *See Wang v. Holder*, 569 F.3d 531, 537-38 (5th Cir. 2009); 8 U.S.C. § 1158(b)(1)(B)(iii).  Substantial evidence supports the denial of his application for asylum.  *See Wang*, 569 F.3d at 536-37; *Zhang*, 432 F.3d at 344-45.  Accordingly, Enyew-Kassa's petition for review is DENIED.